Mr. Justice MacArthur
delivered the opinion of the court:
This is an appeal from the decision of the Commissioner of Patents, refusing a design-patent in enameled iron-ware to Frederick G. Neidriughaus and William F. Neidringkaus. The statute in regard to design-patents reads as follows:
“ Any person who, by his own industry, genius, efforts, and expense, has invented and produced any new and original design for a manufacture, bust, statute, alto-relievo, or basrelief; any new and original design for the printing of woolen, silk, cotton, or other fabrics; any new and original impression, ornament, pattern, print, or picture to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture; or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known or used by others before his invention or production thereof, or patented or described in any printed publication, may, upon payment of the fee prescribed, and other due proceedings had the same as in cases of inventions or discoveries, obtain a patent therefor.” Sec. 4929, U. S. Eevised Statutes.
In their specification the applicants claim to have invented *155 and produced a new and original design of ornament or pattern, to be printed, painted, or otherwise placed on or marked into the various articles of enameled iron-ware which they make and sell. A photograph is annexed to illustrate the outline. They also say that “ the article itself, however, when completed, presents to the eye a beautifully-mottled appearance, resembliug granite in color, which the illustration fails to exhibit. It is this peculiar mottled appearance which constitutes the chief merit of our design, and it is on this we jfiace most importance.”
The primary examiner, the examiners-in-chief, and the Commissioner have all concurred in refusing the application for the patent. The Commissioner, in his decision, says:
“ I concur in the opinion of the examiners-in-chief, so far as want of patentability in the general subject-matter embraced by the application is concerned. The so-called design is effected by printing, painting, or in any other way placing upon iron-ware a peculiarly mixed color. The enameling of iron-ware in various colors is an art well known. If applicant has achieved anything new, it is to be found in the mixing of colors, by which he produces a mottled appearance having the effect of granite coloring. If he has, in this way, ■obtained a new paint, it may or may not be patentable; but the application of such paint in an ordinary way does not constitute the subject-matter of a design-patent, even under the most liberal construction of the statute.”
The court are unanimously of the opinion that the decison of the Commissioner ought to be affirmed. The art of enameling has been practiced for many centuries, and the different kinds of enamel have been produced in every variety of shade and color. The materials used for the purpose of coloring and the process by which they are fused have been known so long, that to change them requires only the taste and skill of one engaged in the business. The appellants, of course, do not mean to claim any exclusive title to what is so well known. But their specification certainly seems to suggest that the change of color “ resembling granite ” imparts great value to their invention. They say “ the mottled appearance, which constitutes the chief merit of our design, and it is on this we place the most importance.” The specimen of enam *156 eled iron ware exhibited by counsel on the argument was of a color resembling granite, and was marked by spots of different shades darker than granite. The enamel and coloring substances are manifestly liquefied by intense heat, such as enamelers use, until they are completely fused, and they are- laid upon the iron-ware while in this condition. The spots are then formed at random, in larger and smaller patches, without regard to regularity or design of any kind. No two of the articles are alike, except in color and general appearance. It is undoubtedly ornamental to the article,, and has a pleasing effect on the eye. This is equally true of the hundreds of objects upon which this art is employed. Ornamental work in great variety and paintings that never lose their freshness are executed in enamel. Indeed, the primary object of this art is to impart greater luster and beauty to every article of luxury or utility to which it is applied. A beautiful appearance is not in itself patentable. The design must be new and original, and the work of invention and genius. The ingenuity and taste of workers in enamel are quite wonderful to all but those employed in it; but no one would imagine that these exhibitions of skill in giving beautiful forms or colors to their productions was the kind of invention to be protected by the law. They are the common efforts of persons ordinarily skilled in the art. The appellants contend in their brief that “ it matters not if the design has been iDreviously used, if now combined with an ‘ object’ with which it has not been hitherto combined, and if, as a result of such association, a new and distinctive aspect is given to such object, the law is complied with,” and refers to former decisions by the Commissioner of Patents as cases in point. We cannot concur in this view. The thing provided for in the law is in express language “ any new and original design for a manufacture,” “any new and original design for printing, ” “ any new and original impression, ” “ any new, useful, and original shape,” “ the same not having been known or used by others before his invention or production thereof.” The use of an old design upon an old object, is clearly excluded by the statute, and mere changes or “ double use ” cannot receive its protection.
Besides, it is now well understood that the same degree of *157 originality is required in both design and functional patents. That is, the claim must not be for a copy or imitation of what is already in existence. If, for instance, the applicants should ■manufacture their iron-ware with a figure of the statue of the Three Graces, it might improve the appearance of the article, but would scarcely entitle them to the benefits of a patent. To manufacture it with enamel is a change of the same kind; for the same thing has been performed on metals from time immemorial. To give the enamel any particular -color is a matter of ordinary skill and taste. The coloring substances have always been fused with the enamel in the heat of the furnace. We can therefore observe nothing in the present specifications to which the term invention can be .applied.
I am aware that the Supreme Court of the United States, in Gorham Company vs. White, 14 Wall., 524, have said, in regard to design-patents, that “they contemplate not so much utility as appearance, and that not an abstract impression, but an aspect given to those objects mentioned in the arts.”
That was an action brought for the infringement of a design-patent for the handles of table spoons and forks. The design consisted in the configuration of the spoon and the ornamentation of the handle. The outline and all the details ofthedesignwerenewand,invariableinsuchspoon, alike. No question was discussed as to the originality of the patent, for it had never been known before; and the court decided that the article manufactured and sold by the defendant did not differ substantially from plaintiff’s, and that it was therefore an infringement. But the whole tenor of the decision is to the effect that the appearance or aspect of the object must be of a design that is new and original. Indeed, no other view is admissible, for such is the express requirement of the law.
The decision of the Commissioner is affirmed.